OFFICE OF THE UNITED STATES TRUSTEE

TIFFANY L. CARROLL
Acting United States Trustee
CURTIS CHING  3931
Assistant United States Trustee
1132 Bishop Street, Suite 602
Honolulu, Hawaii  96813
Telephone:  (808) 522-8154
Ustpregion15.hi.ecf@usdoj.gov

Attorney for the United States Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re         CASE NO. 13-01813 )<br>            (Chapter  7) )<br> )<br>BENNY LEE, )<br>                    Debtor. )<br>_____ )<br> )<br>UNITED STATES TRUSTEE, ) | ADV. PRO. NO. |
| )<br>                    Plaintiff, )<br> )<br>     vs. )<br> )<br>BENNY LEE, )<br> )<br>                    Defendant. )<br>_____ ) | Judge: Hon. ROBERT J. FARIS |

**COMPLAINT TO DENY DISCHARGE**

Comes now the United States Trustee for the District of Hawaii and alleges

as follows:

1

1) This adversary proceeding is brought in connection with the Defendant's bankruptcy case filed under Case No. 13-01813 in the District of Hawaii. This is a core proceeding. This Court has jurisdiction pursuant to 28 U.S.C. §157 and 28 U.S.C. §1334.

2) The Plaintiff is the United States Trustee for the District of Hawaii ("Plaintiff" or "U.S. Trustee"). The U.S. Trustee has standing to bring this complaint under Sections 307 and 727 of the Bankruptcy Code.

3) The Defendant is the Debtor, Benny Lee ("Defendant" or "Lee").

4) Elizabeth Kane is the Chapter 7 trustee.

5) Defendant filed a Voluntary Petition, Schedules, and a Statement of Financial Affairs under Chapter 7 of the Bankruptcy Code on November 7, 2013.

6) Defendant signed the Petition, Schedules, and Statement of Financial Affairs under penalty of perjury.

7) Defendant is and was at all relevant times married to Elly Lee.

8) Defendant is a licensed contractor and has been engaged in the construction business since at least 2005.

9) Elly Lee has owned and operated a nail service business. Elly Lee has never participated in Defendant's contracting businesses.

## Schedule I

10) In Schedule I, line 8, Defendant disclosed no income for himself or his spouse from the rental of real property.

11) In fact, Defendant and/or his spouse had income from the rental of their real property.

12) For these and other reasons, Defendant's disclosures in Schedule I were false.

## Statement of Financial Affairs, No. 1

13) In Statement of Financial Affairs, No. 1, Defendant disclosed he had received $66,500 in 2013 "From Business"; $31,864 in 2012 "From Business"; and no gross income in 2011.

14) In fact, Defendant received more than $66,500 gross income from his businesses in 2013.

15) Defendant received more than $31,864 gross income from his businesses in 2012.

16) Defendant received more than $0 gross income from his employment or businesses in 2011.

17) Therefore, for these and other reasons, Defendant's disclosure in Statement of Financial Affairs, No. 1, was false.

U.S. Bankruptcy Court - Hawaii   #14-90049   Dkt # 1   Filed  08/06/14   Page 3 of 12

## Statement of Financial Affairs, No. 2

18) In Statement of Financial Affairs, No. 2, Defendant disclosed he had received in the two years immediately preceding the commencement of his bankruptcy case income other than from employment or operation of business of $16.00 in 2012 from interest and $523 in 2012 from tax refunds.

19) In 2013, portions of Defendant's property at 1556 Kealia Drive, Honolulu, HI were rented to tenants, including a John Vitek and a Gerald Kesterman.

20) In 2012, portions of Defendant's property at 1556 Kealia Drive, Honolulu, HI were rented to tenants.

21) In 2011, portions of Defendant's property at 1556 Kealia Drive, Honolulu, HI were rented to tenants.

22) Defendant received income fitting the description of Statement of Financial Affairs, No. 2, which was not disclosed including, but not limited to, rental income.

23) For that and other reasons, Defendant's disclosures in Statement of Financial Affairs, No. 2, were false.

## Statement of Financial Affairs, No. 3(c), No. 7, and No. 10

24) In Statement of Financial Affairs, No. 3(c), No. 7, and No. 10, Defendant disclosed that he had made no payments or transfers to his wife fitting the description of each paragraph.

25) In fact, Defendant in the year prior to his bankruptcy filing paid or transferred funds or property to his wife. The amount of funds or property transferred to his wife in the year prior to the bankruptcy filing exceeded $200.

26) For this and other reasons, Defendant's disclosures in Statement of Financial Affairs, No. 3(c), No. 7, and/or No. 10 were false.

## Statement of Financial Affairs, No. 18

27) In Statement of Financial Affairs, No. 18, Defendant disclosed that he was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity within six years immediately preceding the commencement of this case in Benlin Corporation, Brilliant Construction, Inc., and Benny Lee Construction. In this same paragraph, Defendant also disclosed that Benlin Corporation's beginning and ending dates were 2008 – 2010.

28) In fact, Defendant had businesses interests fitting the description of this paragraph which were not disclosed including, but not limited to, B.E.S.L. Corp.

U.S. Bankruptcy Court - Hawaii   #14-90049   Dkt # 1   Filed  08/06/14   Page 5 of 12

29) In fact, Benlin Corporation did not end its business in 2010 but continued to be active after 2010.

30) In fact, Defendant failed to list Grand Construction as a business in Statement of Financial Affairs, No. 18.

31) For these and other reasons, Defendant's disclosures in Statement of Financial Affairs, No. 18, were false.

## Form B22A (Means Test)

32) In Form B22A, Defendant disclosed his monthly gross wages, etc. on Line 3 as $7,000.

33) In Form B22A, on line 5, Defendant disclosed no income from the rental of real property.

34) In fact, Defendant did not disclose all income required in Form B22A. Among other things, Defendant's household received income from the rental of real property from tenants, including John Vitek and Gerald Kesterman, that should have been disclosed in Form B22A.

35) Defendant failed to include payments from Brilliant Construction as part of his current monthly income.

36) Defendant failed to include payments made to him but deposited into his wife's account as part of his current monthly income.

37) Defendant failed to include as part of his current monthly income payments made by business entities under his control for personal expenses.

38) For these and other reasons, Defendant's disclosures in Form B22A were false.

## Schedule E

39) In Schedule E, Defendant disclosed that he owed the Internal Revenue Service $81,822.00 for "940, 941, 1120 taxes."

40) In fact, Defendant owes the Internal Revenue Service and the State of Hawaii income taxes and/or general excise taxes for income relating to the rental of his real property and for unreported income based on payment of his personal and household expenses from business accounts under his control.

41) For this and other reasons, Defendant's disclosures in Schedule E were false.

## Schedule F

42) In Schedule F, Defendant listed creditors holding unsecured nonpriority claims.

43) In fact, Defendant failed to disclose creditors holding unsecured nonpriority claims.

44) Defendant failed to list Gannett Co., Inc. as a creditor.

45) Defendant failed to list Paradise Carpet & Tile as a creditor.

U.S. Bankruptcy Court - Hawaii   #14-90049   Dkt # 1   Filed  08/06/14   Page 7 of 12

## Statement of Financial Affairs, No. 4

46) In Statement of Financial Affairs, No. 4, Defendant disclosed 4 suits or administrative proceedings to which Defendant was a party in the year prior to filing his bankruptcy case.

47) Defendant failed to list two administrative proceedings before the Regulated Industries Complaints Office that were pending against him at the time his bankruptcy case was filed.

## Schedule B

48) In Schedule B, line 14, Defendant disclosed no accounts receivable. Defendant also disclosed no claim for payment or ongoing contract.

49) In fact, at the time of the bankruptcy filing, Defendant owned one or more accounts receivable and/or a claim for payment for an ongoing contract for construction.

50) Defendant in fact received payment on one or more accounts receivable that had not been disclosed.

51) For these and other reasons, Defendant's disclosures in Schedule B were false.

## Meetings of Creditors

52) Meetings of creditors were held in this case on December 11, 2013, January 29, 2014, March 12, 2014, and July 8, 2014. Defendant appeared and testified under oath.

53) Numerous statements in Defendant's sworn testimony at the meetings of creditors was false, including but not limited to the following:

54) On December 11, 2013, Defendant testified at the meeting of creditors that he had signed the petition, schedules, statement of financial affairs, and related documents, had reviewed those documents before signing them, and the information in those documents was true and correct to the best of his knowledge. He further testified that he was not aware of any changes that needed to be made in those documents.

55) On January 29, 2014, Defendant testified at a continued meeting of creditors that his corporation, Benlin Construction, last had a bank account open in 2011.

56) In fact, Benlin Construction had a bank account open at Hawaii National Bank in which Defendant was the authorized signatory through 2013. In 2013, Defendant signed checks to himself on the Benlin Construction account at Hawaii National Bank in excess of $7,000.

57) On January 29, 2014, Defendant testified that in 2013, he never gave to his wife, Elly Lee, any check made out to Defendant for deposit into her account.

58) In fact, on or about October 7, 2013, Elly Lee deposited into her American Savings Bank personal account a check for $2,297.38 made out to Benny Lee from Brilliant Construction, Inc.

59) In fact, on or about November 1, 2013, Elly Lee deposited into her American Savings Bank personal account a check for $1,100.00 made out to Benny Lee from John R. Vitek.

60) In fact, on or about November 25, 2013, Elly Lee deposited into her American Savings Bank personal account a check for $3,000 made out to Benny Lee from Shirley A. Wong and Tsz Leung Wong which contained the memo notation, "2nd payment for renovation."

61) In fact, on or about July 24, 2013, Elly Lee deposited into her American Savings Bank personal account a check for $640.16 made out to Benny Lee from Jonathan E. Burge Attorney-At-Law which contained the memo notation, "Constructive Material Shower."

62) In fact, on or about July 25, 2013, Elly Lee deposited into her American Savings Bank personal account two checks each in the amount of $2,500.00 made out to Benny Lee from Erick Kozuma and Michelle A. Kozuma

which contained memo notations, "change #6 storage counters & full height splash" and "partial payment 5.4."

63) On January 29, 2014, Defendant initially testified that John Vitek was a customer for whom Defendant was doing construction work.

64) In fact, John Vitek was a tenant living at Defendant's rental premises at 1556 Kealia Drive.

65) On March 12, 2014, Defendant testified that he did not know that his property at 1556 Kealia Drive was generating rental income from tenants.

66) In fact, Defendant knew that his property was generating rental income in 2013.

67) In 2013, tenants, including Mr. Vitek and Mr. Kesterman, wrote rent checks payable to Defendant. Defendant then either deposited the money or signed the checks over to his wife.

68) In fact, Defendant knew that his property was generating rental income in 2011.

69) In 2011, Defendant sued Shui Ping Chen for summary possession and unpaid rent regarding 1556 Kealia Drive in state court, Case 1RC11-1-008745, <u>Benny Lee v. Shui Ping Chen</u>.

## COUNT I

70) Based on the above, Defendant knowingly and fraudulently in the bankruptcy case made false oaths or accounts.

71) Therefore, Defendant's discharge should be denied under Section 727(a)(4) of the Bankruptcy Code.

## COUNT II

72) Based on the above, Defendant with intent to hinder, delay, or defraud a creditor or the trustee concealed property of the debtor within a year prior to their bankruptcy filing or concealed property of the estate after the date of filing.

73) Therefore, Defendant's discharge should be denied under Section 727(a)(2) of the Bankruptcy Code.

Wherefore, Plaintiff United States Trustee prays as follows:

1. For denial of Defendant's discharge pursuant to 11 U.S.C. § 727(a);

2. For such other and further relief as this Court deems just and proper.

DATED: Honolulu, Hawaii August 6, 2014

        UNITED STATES TRUSTEE
        TIFFANY CARROLL, Acting U.S. Trustee

        By /s/ CURTIS CHING
        Assistant U.S. Trustee
        Attorney for Plaintiff