Date Signed:
May 13, 2015



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>BENNY LEE,<br><br>             Debtor. | Case No. 13-01813<br>Chapter 7 |
| UNITED STATES TRUSTEE,<br><br>             Plaintiff,<br><br>    v.<br><br>BENNY LEE,<br><br>             Defendant. | Adv. No. 14-90049<br><br><br>Related Docket No. 33 |

## MEMORANDUM OF DECISION ON
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The United States Trustee seeks denial of the debtor's discharge. UST has moved for summary judgment on Count I of the complaint, based on section 727(a)(4) of the Bankruptcy Code.

UST is entitled to partial summary judgment determining that the debtor made

false oaths or accounts as to numerous material facts. Genuine disputes of material fact preclude summary judgment on the questions whether the debtor made these false statements knowingly and fraudulently.

## I. SECTION 727(A)(4)

Section 727(a)(4) provides that the court may not grant a discharge if the debtor "knowingly and fraudulently in connection with the [bankruptcy] case . . . made a false oath or account . . . ."[1] To prevail on this claim, UST must prove four elements: "'(1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently.'"[2]

Courts construe section 727 "'liberally in favor of the debtor and strictly against parties objecting to discharge.'"[3] The objector must prove its case by a preponderance of the evidence.[4]

### A. False Oath.

Providing false information, or failing to provide required information, in the

---

[1] 11 U.S.C. § 727(a)(4)(A).

[2] *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1197 (9th Cir. 2010) (quoting *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 882 (9th Cir. BAP 2005)).

[3] *Retz*, 606 F.3d at 1196 (quoting *Bernard v. Sheaffer (In re Bernard)*, 96 F.3d 1279, 1281 (9th Cir.1996)).

[4] *Retz*, 606 F.3d at 1196.

2

U.S. Bankruptcy Court - Hawaii    #14-90049    Dkt # 54    Filed 05/13/15    Page 2 of 9

debtor's schedules or statement of financial affairs can be a false oath within the meaning of section 727(a)(4)(A).[5] In particular, the failure to disclose a spouse's income on schedule I can constitute a false oath.[6]

The debtor in this case, Benny Lee, does not deny that his initial schedules contain numerous false statements.

- He concedes that his initial schedule I did not disclose about $2,655 of monthly rental income that his wife was receiving.[7] After UST began to raise questions, he filed an amended schedule I which disclosed part of the rental income; he has never amended his schedules to disclose all of the rental income.

- He admits that his statement of financial affairs did not disclose transfers he made to his wife by way of checks drawn on his personal account.[8] He claims that he borrowed the money from a personal line of credit, but the statement of affairs requires disclosure of all such transfers, regardless of the source of the transferred property or funds. He also claims that the transfers were made to repay a business debt he owed to his wife and her family, but this is hardly a

---

[5] *Kluge v. RHI/10223 Sepulveda, LLC (In re Kluge)*, 2013 WL 1459274, at *3 (B.A.P. 9th Cir. Apr. 10, 2013)

[6] *Id.*

[7] Dkt. 41 at 41.

[8] Dkt. 41 at 43.

3

U.S. Bankruptcy Court - Hawaii   #14-90049   Dkt # 54   Filed 05/13/15   Page 3 of 9

defense; the statement of financial affairs specifically requires disclosure of all payments on debts owed to insiders.

- He admits that he did not disclose his ownership of B.E.S.L. Corp.[9]

Mr. Lee disputes some of UST's claims of other false statements on other forms and concerning other businesses.

- Mr. Lee admits that he did not disclose the rental income on his means test form B-22. He argues that he mistakenly checked the box on his form indicating that his debts are primarily consumer debts, while the contrary is true. Therefore, he argues that he was not required to file the form and his admitted omissions from that statement should not count against him. This version of the "never mind" defense is not attractive but his admission that he omitted the same fact from forms that he was required to file – schedule I and the statement of financial affairs – renders a second omission of the same fact less important.

- A company that Mr. Lee controlled made sizable payments to Mrs. Lee. Mr. Lee argues that he was not required to disclose those payments because they were transfers of his company's property, not his property. UST argues that the court should disregard the ostensible separation between Mr. Lee and his

---

[9] Dkt. 41 at 43.

U.S. Bankruptcy Court - Hawaii   #14-90049   Dkt # 54   Filed 05/13/15   Page 4 of 9

company; she argues that the company was not doing any business and Mr. Lee was using its bank account to pay mostly personal expenses. UST has made a compelling case but, out of an abundance of caution, I will hold that genuine disputes of fact preclude partial summary judgment on this contention.

UST also argues that Mr. Lee's sworn testimony at his meetings of creditors was false. Mr. Lee repeated most of the false statements he made in his initial schedules. He eventually corrected some but not all of them. Mr. Lee argues that he did not understand all of the questions, but this argument relates not to whether he made false statements, but whether he did so knowingly and fraudulently.

UST is entitled to partial summary judgment determining that Mr. Lee made false oaths within the meaning of section 727(a)(4).

### B. Materiality.

Although the text of section 727(a)(4) does not mention a materiality requirement, judicial interpretations have imposed one. It is settled, however, that "[m]ateriality is broadly defined."[10] A relatively low standard of materiality is appropriate because the bankruptcy system depends heavily on accurate self-reporting by debtors. The potential for a denial of discharge helps to "insure that the

---

[10] *Fogal Legware of Switzerland, Inc., v. Wills (In re Wills)*, 243 B.R. 58, 62 (B.A.P. 9th Cir. 1999).

5

U.S. Bankruptcy Court - Hawaii   #14-90049   Dkt # 54   Filed 05/13/15   Page 5 of 9

trustee and creditors have accurate information without having to conduct costly investigations."[11]

In general, "[a] false statement is material if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property."[12] The omission need not relate to assets; omissions regarding income can also be material.[13]

The test of materiality is not limited to the dollar value of the undisclosed items. Therefore, "[a] false statement or omission may be material even if it does not cause direct financial prejudice to creditors."[14] This is not to say that value is irrelevant: the omission of an asset that is of little or no value, or that would not be property of the estate, might not be material. "However, an omission or misstatement relating to an asset that is of little value or that would not be property of the estate is material if the omission or misstatement detrimentally affects administration of the estate."[15]

Stated another way, a false statement or omission is material unless it "has no

---

[11] *Id.* at 63.

[12] *Id.* at 62.

[13] *In re Kluge*, 2013 WL 1459274, at *4 (B.A.P. 9th Cir. Apr. 10, 2013) (citation omitted).

[14] *Id.* at 63.

[15] *Id.*

6

U.S. Bankruptcy Court - Hawaii   #14-90049   Dkt # 54   Filed 05/13/15   Page 6 of 9

impact on a bankruptcy case . . . ."[16]

There is no doubt that Mr. Lee's false statements were material. The omitted rental income, at about $2,500 per month, by now would amount to $40,000. The undisclosed transfers to his wife amounted to thousands of dollars. These transfers might support avoidance actions; the failure to disclose them must have impeded the trustee. The omitted corporation, B.E.S.L., had a bank account through which passed over a quarter of a million dollars. Mr. Lee's omissions interfered with the administration of the estate; the trustee and UST were required to conduct three meetings of creditors and make repeated requests for information before Mr. Lee began to correct his omissions and misstatements.

UST is entitled to partial summary judgment determining that Mr. Lee's misstatements were material.

### C. "Knowingly"

A debtor "knowingly" makes a false oath "if he or she acts deliberately and consciously," rather than carelessly or recklessly.[17]

Mr. Lee argues that his omissions were mistakes occasioned by his lack of English proficiency, his failures of recollection, and his unfamiliarity with the legal

---

[16] *Id.*

[17] *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 883-84 (B.A.P. 9th Cir. 2005), *aff'd*, 241 Fed. App'x 420 (2007).

7

process. These protestations are not very plausible. Mr. Lee has lived, worked, and done business in the United States for most of the last twenty five years. Neither the panel trustee nor the tenants living in his house reported any difficulty in communicating with Mr. Lee in English. His bankruptcy counsel has decades of experience and presumably has represented many clients with language barriers. Even if Mr. Lee had difficulties in completing his initial forms, he was inexcusably slow to correct his misstatements after they were brought to his attention.

Nevertheless, it is generally improper to resolve issues of witness credibility on a motion for summary judgment. I will deny UST's motion on the issue of whether Mr. Lee made the false statements knowingly.

### D. "Fraudulently"

In order to establish that the debtor made a false oath "fraudulently," the objector must show that the debtor "made them with the intention and purpose of deceiving the creditors . . . ."[18] Circumstantial evidence is admissible to prove fraudulent intent. The debtor's reckless indifference to the truth can support an inference of fraudulent intent.[19]

UST has made a powerful circumstantial case for fraudulent intent. Mr. Lee's

---

[18] *Roberts*, 331 B.R. at 884.

[19] *Khalil v. Dev. Sur. & Indemn. Co. (In re Khalil)*, 379 B.R. 163, 173-75 (B.A.P. 9th Cir. 2007), *aff'd*, 578 F.3d 1167 (9th Cir. 2009).

8

U.S. Bankruptcy Court - Hawaii    #14-90049    Dkt # 54    Filed  05/13/15    Page 8 of 9

response can be distilled to two points: the flat assertion that he did not intend "to lie, cheat, or hide anything or to hurt anyone;" and the claim that he had no motive to conceal anything because doing so could deprive him of a discharge.

The second point is preposterous. He had obvious motives to conceal the fact that his wife was collecting the rental income: to allow her to *continue* collecting that income and to protect her from having to turn it over to the trustee. His motive to conceal B.E.S.L. is equally transparent: he wanted to continue to use its bank account as his personal piggy bank, so he could pay his personal expenses and buy materials for his ongoing business.

The first point – his flat denial of fraudulent intent – is barely plausible, but is just enough to avoid summary judgment.

Therefore, I will deny UST's motion on the issue of whether Mr. Lee made the false statements fraudulently.

## II. CONCLUSION

Counsel for UST shall submit a proposed order granting her motion in part and denying it in part as described in this decision.

**END OF DECISION**

9

U.S. Bankruptcy Court - Hawaii   #14-90049   Dkt # 54   Filed 05/13/15   Page 9 of 9